**MARLIN & SALTZMAN, LLP**
Stanley D. Saltzman, Esq. (SBN 090058)
Cody R. Kennedy, Esq. (SBN 296061)
Joel M. Gordon, Esq. (SBN 280721)
Marissa A. Mayhood (SBN 334376)
29800 Agoura Road, Suite 210
Agoura Hills, California   91301
Telephone:     (818) 991-8080
Facsimile:      (818) 991-8081
ssaltzman@marlinsaltzman.com
ckennedy@marlinsaltzman.com
jgordon@ marlinsaltzman.com
mmayhood@marlinsaltzman.com

**DAVTYAN LAW FIRM**
Emil Davtyan, Esq. (SBN 299363)
880 E. Broadway
Glendale, California  91205-1218CO
Telephone:     (818) 875-2008
Facsimile:      (818) 722-3974
emil@davtyanlaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM WIGHTMAN, on behalf of himself and for all other current and former aggrieved employees, | CASE NO. 21-cv-1784-TWR-DEB<br>**[CLASS ACTION]**<br>**FIRST AMENDED COMPLAINT :** |
| Plaintiffs, | |
| v. | **1)  FAILURE TO PAY REGULAR AND OVERTIME WAGES (VIOLATION OF CAL. LABOR CODE §§ 510, 558, 1194, AND 1198)** |
| COBHAM ADVANCED ELECTRONIC SOLUTIONS INC.; and DOES 1 - 100, inclusive, | **2)  FAILURE TO PROVIDE MEAL PERIODS (VIOLATION OF CAL. LABOR CODE §§ 226.7 AND 512(A))** |
| Defendants. | **3)  FAILURE TO PROVIDE REST PERIODS (VIOLATION OF CAL. LABOR CODE § 226.7)** |
| | **4)  FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS (VIOLATION OF CAL. LABOR CODE §§ 226)** |
| | **5)  UNFAIR BUSINESS PRACTICES (VIOLATION OF CAL. BUSINESS &** |

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROFESSIONS CODE §§ 17200, ET SEQ.)**
6) **VIOLATION OF LABOR CODE §§ 2698 *ET SEQ*. ("PRIVATE ATTORNEYS GENERAL ACT")**

**DEMAND FOR JURY TRIAL**

Plaintiff WILLIAM WIGHTMAN ("Plaintiff") on behalf of himself, individually, and all others similarly situated and aggrieved, brings this Complaint against Defendants COBHAM ADVANCED ELECTRONIC SOLUTIONS INC. and DOES 1 - 100 (hereinafter collectively referred to as "Cobham" or "Defendant") and for causes of action against them, allege and complain as follows:

## INTRODUCTION

1.       This action seeks relief against Defendants for their knowingly wrongful conduct with respect to current and former employees. Plaintiff alleges causes of action against Defendants for: (1)failure to pay certain wages at the statutorily required rate(s), including but not limited to overtime wages, meal break premium wages, and rest break period premium wages; (2) failure to provide meal breaks and missed meal break premiums to their current and former employees; (3) failure to provide rest breaks and missed rest break premiums to their current and former employees; (4) failure to provide complete wage statements to their current and former employees; (5) unfair business practices based on the foregoing; and (6) civil penalties under The Private Attorney General Act of 2004 ("PAGA") and derivative or related claims for violations of the Labor Code and the Industrial Welfare Commission Wage Orders.

2.       The systematic policies, practices, and customs of Defendants violated and continue to violate California law, and have injured Plaintiff and other similarly aggrieved employees and putative class members.

## VENUE

3.       This Court has jurisdiction over the statutory violations alleged herein, including, but not limited to, violations of Labor Code §§ 200-203, 226, 226.2, 226.3, 226.7, 226.8, 510, 512, 1174, 1194, 1197, 1198, and 2802, as well as over the violations of Bus. & Prof. Code §§ 17200 et seq., and the governing California IWC Wage Order No. 9 and other California Regulations.

4.       Venue is proper in this county under section 395.5 of the California Code of Civil Procedure. Upon information and belief, Defendants maintain offices, have agents, employ individuals, and/or transact business in the State of California, County of San Diego.  The majority of acts and omissions alleged herein relating to Plaintiff, other class members, and similarly aggrieved employees took place in the State of California, including the County of San Diego.  At all relevant times,

Defendants maintained their headquarters/"nerve center" within the State of California, County of San Diego.

**PARTIES**

5.    Plaintiff WILLIAM WIGHTMAN, is a resident of the State of California, and was employed by Defendant as a nonexempt manufacturing employee from June 22, 2020, to August 12, 2020.

6.    Plaintiff is informed and believes, and based thereon alleges, that COBHAM ADVANCED ELECTRONICS SYSTEMS, INC., was and is a Delaware corporation that regularly does business in the State of California, including providing services and products in San Diego County.

7.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendant and DOES 1 through 100 are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

8.    Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendant sued herein as DOES 1 through 100, inclusive, and for that reason, said Defendant is sued under such fictitious names, and Plaintiff prays leave to amend this complaint when the true names and capacities are known.  Plaintiff is informed and believes, and thereon alleges, that each of said fictitious Defendant was responsible in some way for the matters alleged herein and proximately caused Plaintiff and other current or former employees to be subject to the illegal employment practices, wrongs and injuries complained of herein.

9.    At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

10.    Plaintiff is informed and believes, and based thereon alleges, that at all times material hereto, each of the Defendants named herein was the joint employer, agent, employer, alter ego and/or joint venturer of, or working in concert with, each of the other Co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity.  To the extent said

acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

11.    At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

12.    At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.  At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## CLASS ACTION ALLEGATIONS

13.    Plaintiff brings this action on his own behalf and on behalf of all other members of the general public similarly situated, and thus, seeks class certification under California Code of Civil Procedure section 382.

14.    The proposed class is defined as follows:

All current and former hourly-paid and non-exempt employees who worked for Defendants within the State of California at any time during the period from four years preceding the filing of the initial complaint in this action until the date that final judgment is entered in this matter.

15.    Plaintiff reserves the right to establish subclasses as appropriate

16.    The class is ascertainable and there is a well-defined community of interest in the litigation:

a.    Numerosity: The class members are so numerous that joinder of all class members is impracticable. The membership of the entire class is unknown to Plaintiff at this time. However, the identities of the members of the class are readily ascertainable by review of Defendants' records, including, without limitation, payroll records and other documents issued to Class Members by

Defendants.

b. <u>Typicality</u>: Plaintiff's claims are typical of all other class members' as demonstrated herein. Plaintiff will fairly and adequately protect the interests of the other class members with whom he has a well-defined community of interest.

c. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interest of each class member, with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff has no interest that is antagonistic to the other class members. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expanded for the prosecution of this action for the substantial benefit of each class member.

d. <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

17.    There are common questions of law and fact as to the class members that predominate over questions affecting only individual members. The following common question of law or fact, among others exist as to the members of the class:

a. Whether Defendants' had a corporate policy and practice of failing to pay their hourly-paid or non-exempt employees within the State of California for all hours worked and missed (short, late, interrupted, and/or missed altogether) meal periods and rest breaks in violation of California law;

b. Whether Defendants deprived Plaintiff and the other class members of meal and/or rest periods or required Plaintiff and the other class members to work during meal and/or rest periods without compensation;

c. Whether Defendants failed to pay minimum wages to Plaintiff and the other class members within the required time upon their discharge or resignation;

FIRST AMENDED COMPLAINT

d.  Whether Defendants failed to pay all wages due to Plaintiff and the other class members during their employment;

e.  Whether Defendants complied with wage reporting as required by the California Labor Code; including, *inter alia*, section 226;

f.  Whether Defendants kept complete and accurate payroll records as required by the California Labor Code, *inter alia*, section 1174(d);

g.  Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, et seq.;

h.  The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

i.  Whether Plaintiff and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

## PAGA ALLEGATIONS

18.    At all times herein set forth, PAGA was applicable to Plaintiff's employment by Defendants.

19.    At all times herein set forth, PAGA provides that any provision of law under the California Labor Code that provides for a civil penalty, including unpaid wages and premium wages, to be assessed and collected by the LWDA for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself and other current or former employees pursuant to procedures outlined in California Labor Code section 2699.3.

20.    Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

21.    Plaintiff was employed by Defendants and the alleged violations were committed against him during his time of employment and he is, therefore, an aggrieved employee.  Plaintiff and the other employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are current or former employees of Defendants, and one or more of the alleged violations were

committed against them.

22.    Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved employee, including Plaintiff, may pursue a civil action arising under PAGA after the following requirements have been met:

23.    The aggrieved employee shall give written notice by online submission (hereinafter "Employee's Notice") to the LWDA and by certified mail to the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

24.    The LWDA shall provide notice (hereinafter "LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within sixty (60) calendar days of the postmark date of the Employee's Notice. Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within sixty-five (65) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code section 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

25.    On July 2, 2021, Plaintiff provided written notice by online submission ("LWDA Letter") to the LWDA and by certified mail to Defendant COBHAM ADVANCED ELECTRONICS INC. of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. The LWDA Letter is attached hereto as **Exhibit A**. Plaintiff did not receive an LWDA Notice within sixty-five (65) days of the date of the submission of Plaintiff's Notice.

Therefore, the administrative prerequisites under California Labor Code section 2699.3(a) to recover civil penalties, including unpaid wages and premium wages per California Labor Code section 558 against Defendants, in addition to other remedies, for violations of California Labor Code §§ 226, 226.3, 226.4, 226.7, 510, 512, 558, 1174, 1174.5. 1193.5, 1193.6, 1194, 1194.5, and 1198 have been satisfied.

## **GENERAL ALLEGATIONS**

26.    Throughout Plaintiff's employment, Defendant regularly required him and other

1  similarly aggrieved employees and putative class members to perform off-the-clock work. Defendant

2  failed to pay wages for such work, failed to keep accurate records of such work, and failed to include

3  such hours worked in the wage statements provided to Plaintiff and other similarly aggrieved employees

4  and putative class members..

5        27.    Specifically, Defendant maintained a policy and system in which Plaintiff other similarly

6  aggrieved employees and putative class members were physically unable to "clock-in" at the time they

7  actually started work. Among other things, Defendant required that employees, including Plaintiff,

8  adhere to time-consuming safety procedures, such as donning and doffing laboratory gowns prior to

9  entering or exiting two separate labs spread across four buildings, standing in line for health check-ins,

10 and opening and starting computer terminals prior to being able to "clock-in" each shift. The time spent

11 following Defendant's mandated pre-shift procedures is not captured, nor compensated. Defendant was

12 at all times aware of these required work duties and were aware that such duties were necessarily

13 performed prior to clocking in for the employee's shift as they were the parties who mandated and

14 instituted such procedures.

15       28.    Until his final date of employment Plaintiff was regularly required to arrive 15-30

16 minutes early in order to comply with Defendant's pre-shift procedures so as not to be "late" for work.

17       29.    Additionally, Plaintiff and other similarly aggrieved employees and putative class

18 members were required to undergo the aforementioned time-consuming procedures prior to and after

19 meal breaks, effectively reducing the time spent on meal breaks from the legally mandated 30 minutes

20 to 20 minutes.

21       30.    Furthermore, Plaintiff and other similarly aggrieved employees and putative class

22 members were required to undergo the aforementioned time-consuming procedures prior to and after

23 rest breaks, effectively reducing the time spent on rest breaks from the legally mandated 15 minutes to

24 5 minutes.

25       31.    Defendant also pressured Plaintiff and members of the putative class to manually adjust

26 their time down to 8 hours per day if the actual work time for that day exceeded 8 hours. Defendant also

27 utilized policies and pressure tactics, including verbal reprimands discouraging off-the-clock work, to

28 ensure that the vast majority of rounding remained in their favor, thereby shaving time from Plaintiff

FIRST AMENDED COMPLAINT

1  and the putative class during each and every pay period.

## FIRST CAUSE OF ACTION

### FAILURE TO PAY REGULAR AND OVERTIME WAGES

**(Violation of California Labor Code §§ 510, 558, 1194, and 1198)**

**(Against COBHAM ADVANCED ELECTRONIC SOLUTIONS, INC.**

**and DOES 1 through 100)**

32.     Plaintiff incorporates each and every one of the foregoing paragraphs of this Complaint as though set forth in full at this point.

33.     California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

34.     Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and the other class members employed by Defendants, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

35.     The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and the other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

36.     California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

37.     While employed by Defendants, Plaintiff was regularly and customarily required to work more than eight (8) hours in a day or forty (40) hours in a week, and in fact did so.  Regardless of the number of actual hours worked, and even though Plaintiff was not exempt from California overtime laws, Plaintiff was not afforded overtime compensation for all hours in excess of eight (8) hours in a

workday and/or forty (40) hours per week.  By failing to compensate Plaintiff for the hours actually worked, Defendants failed and continue to fail to pay overtime compensation owed Plaintiff pursuant to the Wage Order and the California Labor Code and Code of Regulations.

38.    Among other violations, Defendants failed to provide for the fact that Plaintiff and the aggrieved employees regularly worked through meal and rest breaks, throughout the relevant time period, and this extra time was not calculated and included as part of the regular rate for purposes of calculating and paying overtime. Furthermore, as alleged herein, Plaintiff was reguarly coerced into rounding his hours worked to eight hours per day so that Defendant would not have to pay overtime rates on any time worked over eight hours per day.

39.    Plaintiff is informed and believes and based hereon alleges that Defendants' policy and practice of requiring overtime work and not paying for said work according to overtime mandates of California law is, and at all times herein mentioned was, in violation of California Labor Code § 1194, applicable regulations, and the Wage Order. Defendants' employment policies and practices wrongfully and illegally failed to pay Plaintiff for overtime compensation earned as required by California law. Plaintiff alleges, on information and belief, that Defendant has applied this same policy, business practice, and/or custom to other employees.  Such employees are aggrieved employees under Labor Code § 2699(c).

40.    Cal. Code Regs., tit. 8, § 11010, et seq. and Labor Code § 558 provides for a civil penalty against an employer or anyone acting on the employer's behalf, who violates wage provisions, in the amount of $50 for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.  For each subsequent violation, the civil penalty is $100 for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

41.    Plaintiff alleges that he and all other aggrieved employees are entitled to recover the civil penalties and their unpaid wages.

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS

**(Violation of California Labor Code §§ 226.7 and 512(a))**

FIRST AMENDED COMPLAINT

**(Against COBHAM ADVANCED ELECTRONIC SOLUTIONS, INC.**

**and DOES 1 through 100)**

42.     Plaintiff incorporates each and every one of the foregoing paragraphs of this Complaint as though set forth in full at this point.

43.     Cal. Code Regs., tit. 8, § 11010, et seq and Labor Code §§ 226.7 and 512 make it unlawful for an employer in this state to fail to provide an employee meal periods, unless premium wages are paid for any missed meal periods.

44.     Labor Code § 226.7 states, "If an employer fails to provide an employee a meal … period…[then] the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal … period is not provided."

45.     Cal. Code Regs., tit. 8, § 11010, et seq. and Labor Code § 512 make it unlawful for an employer to "employ an employee for a work period or more than five hours per day without providing the employee with a meal period of not less than 30 minutes," except if the workday is no more than six hours, the meal break can be waived by mutual consent.

46.     Cal. Code Regs., tit. 8, § 11010, et seq. further provides that, "[i]f an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

47.     During the relevant time period, Defendants willfully required Plaintiff and the other class members to work during meal periods, including but not limited to donning and doffing uniforms and equipment and performing other tasks specified by Defendants, and failed to pay Plaintiff and the other class members the full meal period premium for work performed during rest periods.

48.     Plaintiff alleges that Defendants violated the foregoing provisions, in that they did not authorize and permit timely meal periods, providing Plaintiff with meal periods after the fifth hour worked, and that Plaintiff was not paid "one additional hour of pay at [his] regular rate of compensation for each workday that the meal period [was] not provided." For example, Plaintiff and the aggrieved employees, at the end of meal breaks, were required to clock in only after undergoing lengthy health checks and putting on laboratory clothing, while, at the beginning of meal breaks, being required to

12

FIRST AMENDED COMPLAINT

1  clock out prior to changing clothes or undergoing health checks. This resulted in Plaintff taking only a

2  fraction of the meal breaks otherwise required by statute.

3      49.    Plaintiffs alleges, on information and belief, that Defendant has applied this same policy,

4  business practice, and/or custom to other aggrieved employees.

5      50.    Cal. Code Regs., tit. 8, § 11010, et seq. and Labor Code § 558 provides for a civil penalty

6  against an employer or anyone acting on the employer's behalf, who violates wage provisions, in the

7  amount of $50 for each underpaid employee for each pay period for which the employee was underpaid

8  in addition to an amount sufficient to recover underpaid wages.  For each subsequent violation, the civil

9  penalty is $100 for each underpaid employee for each pay period for which the employee was underpaid

10  in addition to an amount sufficient to recover underpaid wages.

11      51.    Plaintiff alleges that he and all other aggrieved employees are entitled to recover the civil

12  penalties and their unpaid wages.

13  **THIRD CAUSE OF ACTION**

14  **FAILURE TO PROVIDE REST PERIODS**

15  **(Violation of California Labor Code § 226.7)**

16  **(Against COBHAM ADVANCED ELECTRONIC SOLUTIONS, INC.**

17  **and DOES 1 through 100)**

18      52.    Plaintiff incorporates each and every one of the foregoing paragraphs of this Complaint

19  as though set forth in full at this point.

20      53.    At all times herein set forth, the applicable IWC Wage Order and California Labor Code

21  section 226.7 were applicable to Plaintiff's and the other class members' employment by Defendants.

22      54.    At all relevant times, California Labor Code section 226.7 provides that no employer

23  shall require an employee to work during any rest period mandated by an applicable order of the

24  California IWC.

25      55.    At all relevant times, the applicable IWC Wage Order provides that "[e]very employer

26  shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the

27  middle of each work period" and that the "rest period time shall be based on the total hours worked daily

28  at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total

1  daily work time is less than three and one-half (3 ½) hours.

2      56.    During the relevant time period, Defendants required Plaintiff and other class members

3  to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each

4  four (4) hour period worked.

5      57.    During the relevant time period, Defendants intentionally and willfully required Plaintiff

6  and the other class members to work during rest periods, including but not limited to donning and doffing

7  uniforms and equipment. Specifically, Plaintiff and other class members were required to be fully suited

8  upon return from their rest periods. Plaintiff and other class members were not permitted to perform the

9  required tasks of putting on laboratory clothes and undergoing health checks. during their regular shift

10  and were required instead to perform such work as part of their rest periods. Defendants failed to

11  compensate Plaintiff and the other class members the full rest period premium for work performed

12  during rest periods.

13      58.    Plaintiff was subjected to the above described control and work requirements during each

14  rest period, including but not limited to each rest period occurring from June to August of 2020. Plaintiff

15  and the class were not provided rest period premiums on these occasions.

16      59.    During the relevant time period, Defendants failed to pay Plaintiff and the other class

17  members the full rest period premium due pursuant to California Labor Code section 226.7

18      60.    Defendants' conduct violates applicable IWC Wage Orders and California Labor Code

19  section 226.7.

20      61.    Pursuant to the applicable IWC Wage Orders and California Labor Code section

21  226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one additional

22  hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period

23  was not provided.

24  **FOURTH CAUSE OF ACTION**

25  **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

26  **(Violation of California Labor Code §§ 226)**

27  **(Against COBHAM ADVANCED ELECTRONIC SOLUTIONS, INC.**

28  **and DOES 1 through 100)**

62.    Plaintiff incorporates each and every one of the foregoing paragraphs of this Complaint as though set forth in full at this point.

63.    Labor Code § 226 makes it unlawful for an employer to fail to provide accurate and itemized wage statements to its employees.

64.    Pursuant to California Labor Code Section 226(a), Plaintiff and the other aggrieved employees were entitled to receive, semimonthly or at the time of each payment of wages, an accurate itemized statement showing, *inter alia*: (a) gross wages earned; (b) net wages earned; (c) all applicable hourly rates in effect during the pay period; and (d) the corresponding number of hours worked at each hourly rate by the employee.

65.    Plaintiff alleges that Defendants violated the foregoing provisions, in that Defendants failed to provide Plaintiff with accurate itemized statements in accordance with California Labor Code Section 226(a) by failing to state the hours worked, and meal and rest period premiums, as a result of the unlawful labor and payroll practices described herein. Plaintiff alleges that Defendants regularly coerced him and other employees to round down the number of hours worked on their timesheets.

66.    Plaintiffs alleges, on information and belief, that Defendant has applied this same policy, business practice, and/or custom to other aggrieved employees.

67.    Labor Code § 226.3 provides for a civil penalty against an employer who violates § 226(a) of two hundred fifty dollars ($250.00) per employee for the initial violation and one thousand dollars ($1,000.00) per employee for each subsequent violation.

68.    Plaintiff alleges that they and all other aggrieved employees are entitled to recover the civil penalty prescribed by statute.

## **FIFTH CAUSE OF ACTION**

## **UNFAIR BUSINESS PRACTICES**

**(Violation of California Business & Professions Code §§ 17200, et seq.)**

**(Against COBHAM ADVANCED ELECTRONIC SOLUTIONS, INC.**

**and DOES 1 through 100)**

69.    Plaintiff incorporates by reference all previous allegations, and each and every part thereof with the same force and effect as though fully set forth herein.

70.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, other class members, to the general public, and Defendants' competitors. Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

71.    Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

72.    A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law.  In this instant case, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198. Additionally, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a).  Defendants also violated California Labor Code sections 226(a).

73.    As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

74.    Plaintiff and the other class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

75.    Pursuant to California Business & Professions Code sections 17200, et seq., Plaintiff and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this Complaint; an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws; and an award of costs.

## SIXTH CAUSE OF ACTION

### PAGA

**(Violation of California Labor Code §§ 2698, et seq.)**

FIRST AMENDED COMPLAINT

**(Against COBHAM ADVANCED ELECTRONIC SOLUTIONS, INC.**

**and DOES 1 through 100)**

76.    Plaintiff incorporates by reference the allegations previously stated herein, and each and every part thereof with the same force and effect as though fully set forth herein.

77.    PAGA expressly establishes that any provision of the California Labor Code which provides for a civil penalty to be assessed and collected by the LWDA, or any of its departments, divisions, commissions, boards, agencies or employees for a violation of the California Labor Code, may be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself, and other current or former employees.

78.    Whenever the LWDA, or any of its departments, divisions, commissions, boards, agencies, or employees has discretion to assess a civil penalty, a court in a civil action is authorized to exercise the same discretion, subject to the same limitations and conditions, to assess a civil penalty.

79.    Plaintiff and the other hourly-paid or non-exempt employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are all current or former employees of Defendants, and one or more of the alleged violations was committed against them.

**Failure to Pay Overtime**

80.    Defendants' failure to pay legally required overtime wages to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 510 and 1198.

**Failure to Provide Meal Periods**

81.    Defendants' failure to provide legally required meal periods to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 226.7 and 512(a).

**Failure to Provide Rest Periods**

82.    Defendants' failure to provide legally required rest periods to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code section 226.7.

**Failure to Timely Pay Wages During Employment**

83.     During the relevant time period, Defendants have failed, and continue to fail, to provide any payment of certain wages at issue whatsoever (such as wages for off-the-clock work activities), much less provide payment of such wages in a timely manner. Defendants' failure to timely pay wages to Plaintiff and the other aggrieved employees during employment in accordance with Labor Code section 204 constitutes unlawful and/or unfair activity prohibited by California Labor Code section 204. For example, Defendant's failure to pay wages earned for specific "off-the-clock" work activities violates the provision's requirements that all wages be paid at specified time intervals (subsection (a)) and that "all wages earned for labor in excess of the normal work period", such as off-the-clock work, "shall be paid no later than the payday for the next regular payroll period" (Subsection (b)(1)).

**Failure to Provide Complete and Accurate Wage Statements**

84.     Defendants' failure to provide complete and accurate wage statements to Plaintiff and the other aggrieved employees in accordance with Labor Code section 226(a) constitutes unlawful and/or unfair activity prohibited by California Labor Code section 226(a).

**Failure to Keep Complete and Accurate Payroll Records**

85.     Defendants have intentionally and willfully failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid, to Plaintiff and the other class members, including, but not limited to failing to keep records of the "off-the-clock" work alleged herein with knowledge that such "off-the-clock" work had been performed.

86.     Defendants' failure to keep complete and accurate payroll records relating to Plaintiff and the other aggrieved employees in accordance with California Labor Code section 1174(d) constitutes unlawful and/or unfair activity prohibited by California Labor Code section 1174(d).

87.     Pursuant to California Labor Code section 2699, Plaintiff, individually, and on behalf of all aggrieved employees, requests and is entitled to recover from Defendants and each of them, business expenses, unpaid wages, and/or untimely wages according to proof, interest, attorneys' fees and costs pursuant to California Labor Code section 218.5, as well as all statutory penalties against Defendants, and each of them, including but not limited to:

        a.   Penalties under California Labor Code section 2699 in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial

violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation;

b. Penalties under California Code of Regulations Title 8 section 11010, et seq. in the amount of fifty dollars ($50) for each aggrieved employee per pay period for the initial violation, and one hundred dollars ($100) for each aggrieved employee per pay period for each subsequent violation;

c. Penalties under California Labor Code section 210 in addition to, and entirely independent and apart from, any other penalty provided in the California Labor Code in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation; and

d. Any and all additional penalties and sums as provided by the California Labor Code and/or other statutes.

88.     Pursuant to California Labor Code section 2699(i), civil penalties recovered by aggrieved employees shall be distributed as follows: seventy-five percent (75%) to the Labor and Workforce Development Agency for the enforcement of labor laws and education of employers and employees about their rights and responsibilities and twenty-five percent (25%) to the aggrieved employees.

89.     Further, Plaintiff is entitled to seek and recover reasonable attorneys' fees and costs pursuant to California Labor Code sections 210, 218.5 and 2699 and any other applicable statute.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act, prays for relief and judgment against Defendants, jointly and severally, as follows:

**Class Certification**

1.     That this action be certified as a class action;

2.     That Plaintiff be appointed as the representative of the Class;

3.     That counsel for Plaintiff be appointed as Class Counsel; and

FIRST AMENDED COMPLAINT

4.      That Defendants provide to Class Counsel immediately the names and most current/last known contact information (address, e-mail and telephone numbers) of all class members.

**As to the First Cause of Action**

5.      That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and the other class members;

6.      For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7.      For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8.      For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194;

9.      For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

10.     For such other and further relief as the Court may deem just and proper.

**As to the Second Cause of Action**

11.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and the other class members;

12.     That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

13.     For all actual, consequential, and incidental losses and damages, according to proof;

14.     For premium wages pursuant to California Labor Code section 226.7(b);

15.     For pre-judgment interest on any unpaid wages from the date such amounts were due;

16.     For reasonable attorneys' fees and costs of suit incurred herein;

17.     For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

18.     For such other and further relief as the Court may deem just and proper.

**As to the Third Cause of Action**

19.    That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and the other class members;

20.    That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

21.    For all actual, consequential, and incidental losses and damages, according to proof;

22.    For premium wages pursuant to California Labor Code section 226.7(b);

23.    For pre-judgment interest on any unpaid wages from the date such amounts were due;

24.    For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

25.    For such other and further relief as the Court may deem just and proper.

### As to the Fourth Cause of Action

26.    That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and the other class members, and willfully failed to provide accurate itemized wage statements thereto;

27.    For actual, consequential and incidental losses and damages, according to proof;

28.    For statutory penalties pursuant to California Labor Code section 226(e);

29.    For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h);

30.    For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

31.    For such other and further relief as the Court may deem just and proper.

### As to the Fifth Cause of Action

32.    That the Court decree, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, et seq. by failing to provide Plaintiff and the other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiff and the other class members, failing to pay at least minimum wages to Plaintiff and the other class members, failing to pay Plaintiff's and the other class members' wages timely as required by California Labor Code section 201, 202 and 204 and by violating California Labor Code sections 226(a), 1174(d).

33. For restitution of unpaid wages to Plaintiff and all the other class members and all pre-judgment interest from the day such amounts were due and payable;

34. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, et seq.;

35. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

36. For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, et seq.; and

37. For such other and further relief as the Court may deem just and proper.

### As to the Sixth Cause of Action

38. For civil penalties and wages pursuant to California Labor Code sections 2699(a), (f) and (g) and 558 plus costs and attorneys' fees for violation of California Labor Code §§ 226, 226.3, 226.4, 226.7, 510, 512, 558, 1174, 1174.5. 1193.5, 1193.6, 1194, 1194.5, and 1198; and

39. For such other and further relief as the Court may deem equitable and appropriate.

DATED:  July 8, 2022

**MARLIN & SALTZMAN, LLP
DAVTYAN LAW FIRM**

By: _____
Stanley D. Saltzman, Esq.
Cody R. Kennedy, Esq.
Joel M. Gordon, Esq.
Marissa A. Mayhood, Esq.
Attorneys for Plaintiff

### DEMAND FOR JURY TRIAL

Plaintiff, for himself and the aggrieved employees, hereby demands a jury trial as provided by California law.

(signature on following page)

1    DATED:  July 8, 2022                          **MARLIN & SALTZMAN, LLP**
2                                                  **DAVTYAN LAW FIRM**
3
4                                                  By:_____
                                                       Stanley D. Saltzman, Esq.
5                                                      Cody R. Kennedy, Esq.
                                                       Joel M. Gordon, Esq.
6                                                      Marissa A. Mayhood, Esq.
                                                       Attorneys for Plaintiff
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FIRST AMENDED COMPLAINT

# EXHIBIT A

# MARLIN & SALTZMAN

CLASS ACTIONS, MASS TORTS & CATASTROPHIC INJURIES

Stanley D. Saltzman
ssaltzman@marlinsaltzman.com

Stanley D. Saltzman
Alan S. Lazar

Tatiana G. Avakian
Aaron D. Boal
Karen I. Gold
Joel M. Gordon
Cody R. Kennedy
Marissa A. Mayhood
Stephen P. O'Dell
Corey S. Smith

July 2, 2021

***Electronically Filed***

Labor and Workforce Development Agency
Attn: PAGA Administrator
455 Golden Gate Avenue, 9th Floor
San Francisco, California  94102

> **Re:**   ***Wightman v. Cobham Advanced Electronic Solutions Inc., et. al.***
> Notice of PAGA Claims Pursuant to Labor Code § 2699.3

To Whom This May Concern:

Please be advised that this office is counsel to William Wightman ("Proposed PAGA Representative") and that all future communications should be directed to this office.

The Proposed PAGA Representative performed work for Cobham Advanced Electronic Solutions Inc. ("Cobham") as a nonexempt employee until approximately August 12, 2020. The Proposed PAGA Representative was hired in California and performed work in California throughout the relevant time period.  Pursuant to California Labor Code § 2699.3, the Proposed PAGA Representative hereby provides notice of Labor Code violations by Cobham. More specifically, Proposed PAGA Representative, on behalf of himself and all similarly aggrieved employees (hereinafter referred to as "aggrieved employees") as defined by Labor Code § 2699 to include "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed," allege that Cobham:

1.      Violated 23. Cal. Code Regs., tit. 8, § 11010 et seq., California Labor Code §§ 226, 226.3, 226.4, 226.7, 510, 511, 512, 558, 1174, 1174.5. 1193.5, 1193.6, 1194, 1194.5, and 1198 by failing to pay certain wages to the Proposed PAGA Representatives and all other similarly aggrieved employees at the statutorily required rate(s) including, but not limited to, meal period premium wages, rest period premium wages, and overtime wages.

2.      Violated 23. Cal. Code Regs., tit. 8, § 11010 et seq., California Labor Code §§ 510, 511 by failing to undergo the proper procedures for setting up an Alternative Work Week and therefore requiring Plaintiff to work overtime hours without proper compensation.

3.      Violated Cal. Code Regs., tit. 8, § 11010, et seq., Labor Code §§ 226.7, 512, 558, 1194.5, by failing to authorize and permit timely meal/rest periods, and failing to pay premium wages for missed meal/rest periods, pursuant to Labor Code §§ 226.7, 512, and the applicable

Labor and Workforce Development Agency
July 2, 2021
Page 2

IWC wage order, codified in Cal. Code Regs., tit. 8, § 11070.  Violations include, and are not limited to, failing to authorize and permit timely meal/rest periods, failing to provide employees sufficient time to take timely meal periods during the work day, not paying missed meal/rest period premiums at the required rate of pay, and not allowing the aggrieved employees to take meal/rest periods due to continuous performance of non-exempt duties.

4.    Violated Labor Code §§ 226, 226.3, 226.4, 558, 1174, 1174.5 and 1194.5 by failing to  provide itemized and accurate wage statements, including by failing to state the correct rates of pay, the amount of wages earned and paid, the hours worked, and meal and rest period premiums.

5.    Violated Cal. Code Regs., tit. 8, § 11010, et seq., Labor Code §§ 1174, 1174.5, and 1194.5 by failing to maintain accurate employment records for aggrieved employees.

We believe Cobham violated, and continues to violate, numerous provisions of California law, as described both herein, and within the incorporated attached proposed complaint (discussed below), and that the Proposed PAGA Representative and other similarly situated Cobham employees and former employees are entitled to all damages, restitution and statutory and civil penalties, including liquidated damaged, as allowed by law.

A copy of the proposed complaint, which of course is subject to modification prior to being filed, is attached to provide additional detail and notice for your consideration and is incorporated by reference herein.  We respectfully request that the Labor Workforce Development Agency notify this office within sixty (60) days if it wishes to investigate this matter further. Should you have any questions or concerns or require additional information, please do not hesitate to contact the undersigned.

Very truly yours,

**MARLIN & SALTZMAN, LLP**

Stanley D. Saltzman, Esq.
Cody R. Kennedy, Esq.

cc:    Cobham Advanced Electronic Solutions, Inc.
305 Richardson Road
Lansdale, PA  19446

**MARLIN & SALTZMAN, LLP**
Stanley D. Saltzman, Esq. (SBN 090058)
Cody R. Kennedy, Esq. (SBN 296061)
Joel M. Gordon, Esq. (SBN 280721)
29800 Agoura Road, Suite 210
Agoura Hills, California  91301
Telephone:    (818) 991-8080
Facsimile:    (818) 991-8081
ssaltzman@marlinsaltzman.com
ckennedy@marlinsaltzman.com

**DAVTYAN LAW FIRM**
Emil Davtyan, Esq. (SBN 299363)
880 E. Broadway
Glendale, California  91205-1218
Telephone:    (818) 875-2008
Facsimile:    (818) 722-3974
emil@davtyanlaw.com

Attorneys for Plaintiffs

### SUPERIOR COURT FOR THE STATE OF CALIFORNIA

### COUNTY OF SAN DIEGO

| | |
|---|---|
| WILLIAM WIGHTMAN, on behalf of himself and for all other current and former aggrieved employees,<br><br>                    Plaintiffs,<br><br>v.<br><br>COBHAM ADVANCED ELECTRONIC SOLUTIONS INC.; and DOES 1 - 100, inclusive,<br><br>                    Defendants. | CASE NO.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATION OF LABOR CODE §§ 2698 *ET SEQ.* ("PRIVATE ATTORNEYS GENERAL ACT")**<br><br>**DEMAND FOR JURY TRIAL** |

1

Plaintiff WILLIAM WIGHTMAN ("Plaintiff") hereby submits this Complaint against Defendants COBHAM ADVANCED ELECTRONIC SOLUTIONS INC. and DOES 1 - 100 (hereinafter collectively referred to as "Cobham" or "Defendant") as an aggrieved employee, on behalf of himself and as a representative of other similarly aggrieved employees who work or have worked for Defendants, pursuant to the procedures specified in § 2699.3 (hereinafter referred to as "aggrieved employees").

## INTRODUCTION

1.      This action seeks relief against Defendants for their knowingly wrongful conduct with respect to current and former employees. Plaintiff alleges causes of action against Defendants for: (1)failure to pay certain wages at the statutorily required rate(s), including but not limited to overtime wages, meal break premium wages, and rest break period premium wages; (2) failure to enact proper Alternative Work Week procedures and therefore failing to provide overtime compensation to their current and former employees; (3) failure to provide meal breaks and missed meal break premiums to their current and former employees; (4) failure to provide rest breaks and missed rest break premiums to their current and former employees; (5) failure to provide complete wage statements to their current and former employees; (6) unfair business practices based on the foregoing; and (7) civil penalties under The Private Attorney General Act of 2004 ("PAGA") and derivative or related claims for violations of the Labor Code and the Industrial Welfare Commission Wage Orders.

2.      The systematic policies, practices, and customs of Defendants violated and continue to violate California law, and have injured Plaintiff and the putative Class.

## VENUE

3.      This class action is brought pursuant to the California Code of Civil Procedure section 382.  The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

4.      This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts.  The statutes under which this action is brought do not specify any other basis for jurisdiction.

5. This Court has jurisdiction over Defendants because, upon information and belief, Defendants are citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by California courts consistent with traditional notions of fair play and substantial justice.

6. Venue is proper in this Court because, upon information and belief, Defendants maintain offices, have agents, employ individuals, and/or transact business in the State of California, County of San Diego. The majority of acts and omissions alleged herein relating to Plaintiff and the other class members took place in the State of California, including the County of San Diego. At all relevant times, Defendants maintained their headquarters/"nerve center" within the State of California, County of San Diego.

## PARTIES

7. Plaintiff WILLIAM WIGHTMAN was employed by Defendant as a nonexempt manufacturing employee from June 22, 2020, to August 12, 2020.

8. Plaintiff is informed and believes, and based thereon alleges, that COBHAM ADVANCED ELECTRONICS SYSTEMS, INC., was and is a Delaware corporation that regularly does business in the State of California, including providing services and products in San Diego County.

9. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendant and DOES 1 through 100 are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

10. Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendant sued herein as DOES 1 through 100, inclusive, and for that reason, said Defendant is sued under such fictitious names, and Plaintiff prays leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes, and thereon alleges, that each of said fictitious Defendant was responsible in some way for the matters alleged herein and proximately caused Plaintiff and other current or former employees to be subject to the illegal employment practices, wrongs and injuries complained of herein.

11. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants,

1  and each of them, were the agents, servants and employees of each of the other Defendants, as well as

2  the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope

3  of said agency and employment.

4      12.    Plaintiff is informed and believes, and based thereon alleges, that at all times material

5  hereto, each of the Defendants named herein was the joint employer, agent, employer, alter ego and/or

6  joint venturer of, or working in concert with, each of the other Co-Defendants and was acting within the

7  course and scope of such agency, employment, joint venture, or concerted activity.  To the extent said

8  acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants

9  confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

10     13.    At all times herein mentioned, Defendants, and each of them, were members of, and

11  engaged in, a joint venture, partnership and common enterprise, and were acting within the course and

12  scope of, and in pursuance of, said joint venture, partnership and common enterprise.

13     14.    At all times herein mentioned, the acts and omissions of various Defendants, and each of

14  them, concurred and contributed to the various acts and omissions of each and all of the other Defendants

15  in proximately causing the injuries and damages as herein alleged.  At all times herein mentioned,

16  Defendants, and each of them, ratified each and every act or omission complained of herein.  At all

17  times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of

18  each and all of the other Defendants in proximately causing the damages as herein alleged.

19                                **GENERAL ALLEGATIONS**

20     15.    Throughout his employment, Defendant regularly required Plaintiff and the putative class

21  to perform off-the-clock work. Defendant failed to pay wages for such work, failed to keep accurate

22  records of such work, and failed to include such hours worked in the wage statements provided to

23  Plaintiff and the Class.

24     16.    Specifically, Defendant maintained a policy and system in which Plaintiff and the

25  putative class were physically unable to "clock-in" at the time they actually started work. Among other

26  things, Defendant required that employees, including Plaintiff, adhere to time-consuming safety

27  procedures, such as donning and doffing laboratory gowns prior to entering or exiting two separate labs

28  spread across four buildings, standing in line for health check-ins, and opening and starting computer

terminals prior to being able to "clock-in" each shift. The time spent following Defendant's mandated pre-shift procedures is not captured, nor compensated. Defendant was at all times aware of these required work duties and were aware that such duties were necessarily performed prior to clocking in for the employee's shift as they were the parties who mandated and instituted such procedures.

17.     Until his final date of employment Plaintiff was regularly required to arrive 15-30 minutes early in order to comply with Defendant's pre-shift procedures so as not to be "late" for work.

18.     Additionally, Plaintiff and members of the putative class were required to undergo the aforementioned time-consuming procedures prior to and after meal breaks, effectively reducing the time spent on meal breaks from the legally mandated 30 minutes to 20 minutes.

19.     Furthermore, Plaintiff and members of the putative class were required to undergo the aforementioned time-consuming procedures prior to and after rest breaks, effectively reducing the time spent on rest breaks from the legally mandated 15 minutes to 5 minutes.

20.     Defendant also pressured Plaintiff and members of the putative class to manually adjust their time down to 8 hours per day if the actual work time for that day exceeded 8 hours. Defendant utilized policies and pressure tactics, including verbal reprimands discouraging off-the-clock work, to ensure that the vast majority of rounding remained in their favor, thereby shaving time from Plaintiff and the putative class during each and every pay period.

21.     Throughout his employment, Defendant also wrongly claimed to have followed proper Alternative Work Week procedures under Cal. Labor Code § 511. Throughout this period of time, Defendants failed to undergo proper election procedures required under statute for the work unit in which Plaintiff was employed and therefore failed to provide adequate overtime compensation.

## PAGA ALLEGATIONS

22.     At all times herein set forth, PAGA was applicable to Plaintiff's employment by Defendants.

23.     At all times herein set forth, PAGA provides that any provision of law under the California Labor Code that provides for a civil penalty, including unpaid wages and premium wages, to be assessed and collected by the LWDA for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself

and other current or former employees pursuant to procedures outlined in California Labor Code section 2699.3.

24.     Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

25.     Plaintiff was employed by Defendants and the alleged violations were committed against him during his time of employment and he is, therefore, an aggrieved employee.  Plaintiff and the other employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are current or former employees of Defendants, and one or more of the alleged violations were committed against them.

26.     Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved employee, including Plaintiff, may pursue a civil action arising under PAGA after the following requirements have been met:

27.     The aggrieved employee shall give written notice by online submission (hereinafter "Employee's Notice") to the LWDA and by certified mail to the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

28.     The LWDA shall provide notice (hereinafter "LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within sixty (60) calendar days of the postmark date of the Employee's Notice. Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within sixty-five (65) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code section 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

29.     On July 2, 2021, Plaintiff provided written notice by online submission to the LWDA and by certified mail to Defendant COBHAM ADVANCED ELECTRONICS INC. of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.  Plaintiff did not receive an LWDA Notice within sixty-five (65) days

1    of the date of the submission of Plaintiff's Notice.

2         30.    Therefore, the administrative prerequisites under California Labor Code section

3    2699.3(a) to recover civil penalties, including unpaid wages and premium wages per California Labor

4    Code section 558 against Defendants, in addition to other remedies, for violations of California Labor

5    Code §§ 226, 226.3, 226.4, 226.7, 510, 511, 512, 558, 1174, 1174.5. 1193.5, 1193.6, 1194, 1194.5,

6    and 1198 have been satisfied.

7                              **FIRST CAUSE OF ACTION**

8            **(Violation of California Labor Code §§ 510, 511, 558, 1194, and 1198)**

9            **(Against COBHAM ADVANCED ELECTRONIC SOLUTIONS, INC.**

10                          **and DOES 1 through 100)**

11         31.    Plaintiff incorporates each and every one of the foregoing paragraphs of this Complaint

12    as though set forth in full at this point.

13         32.    California Labor Code section 1198 and the applicable Industrial Welfare Commission

14    ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate

15    of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number

16    of hours worked by the person on a daily or weekly basis.

17         33.    Specifically, the applicable IWC Wage Order provides that Defendants are and were

18    required to pay Plaintiff and the other class members employed by Defendants, and working more than

19    eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half

20    for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

21         34.    The applicable IWC Wage Order further provides that Defendants are and were required

22    to pay Plaintiff and the other class members overtime compensation at a rate of two times their regular

23    rate of pay for all hours worked in excess of twelve (12) hours in a day.

24         35.    California Labor Code section 510 codifies the right to overtime compensation at one-

25    and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty

26    (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime

27    compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day

28    or in excess of eight (8) hours in a day on the seventh day of work.

1    36.    California Labor Code section 511 allows an employer to adopt a regularly scheduled

2    alternative work week that authorizes employees to work for no longer than ten (10) hours per day within

3    a forty (40) hour workweek. An alternative work week must be adopted by the procedures set forth in

4    section 511(a), including a secret ballot allection for the affected employees in a readily identifiable

5    work unit. Plaintiff contends that while certain of Defendants' work units made this election, his

6    particular work unit did not vote to adopt an alternative work week under the procedures set forth in

7    section 511(a)

8    37.    While employed by Defendants, Plaintiff was regularly and customarily required to work

9    more than eight (8) hours in a day or forty (40) hours in a week, and in fact did so.  Regardless of the

10   number of actual hours worked, and even though Plaintiff was not exempt from California overtime

11   laws, Plaintiff was not afforded overtime compensation for all hours in excess of eight (8) hours in a

12   workday and/or forty (40) hours per week.  By failing to compensate Plaintiff for the hours actually

13   worked, Defendants failed and continue to fail to pay overtime compensation owed Plaintiff pursuant to

14   the Wage Order and the California Labor Code and Code of Regulations.

15   38.    Among other violations, Defendants failed to provide for the fact that Plaintiff and the

16   aggrieved employees regularly worked through meal and rest breaks, throughout the relevant time

17   period, and this extra time was not calculated and included as part of the regular rate for purposes of

18   calculating and paying overtime. Furthermore, as alleged herein, Plaintiff was reguarly coerced into

19   rounding his hours worked to eight hours per day so that Defendant would not have to pay overtime

20   rates on any time worked over eight hours per day.

21   39.    Plaintiff is informed and believes and based hereon alleges that Defendants' policy and

22   practice of requiring overtime work and not paying for said work according to overtime mandates of

23   California law is, and at all times herein mentioned was, in violation of California Labor Code § 1194,

24   applicable regulations, and the Wage Order. Defendants' employment policies and practices wrongfully

25   and illegally failed to pay Plaintiff for overtime compensation earned as required by California law.

26   Plaintiff alleges, on information and belief, that Defendant has applied this same policy, business

27   practice, and/or custom to other employees.  Such employees are aggrieved employees under Labor

28   Code § 2699(c).

40.     Cal. Code Regs., tit. 8, § 11010, et seq. and Labor Code § 558 provides for a civil penalty against an employer or anyone acting on the employer's behalf, who violates wage provisions, in the amount of $50 for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.  For each subsequent violation, the civil penalty is $100 for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

41.     Plaintiff alleges that he and all other aggrieved employees are entitled to recover the civil penalties and their unpaid wages.

### SECOND CAUSE OF ACTION

### (Violation of California Labor Code §§ 226.7 and 512(a))

### (Against COBHAM ADVANCED ELECTRONIC SOLUTIONS, INC.

### and DOES 1 through 100)

42.     Plaintiff incorporates each and every one of the foregoing paragraphs of this Complaint as though set forth in full at this point.

43.     Cal. Code Regs., tit. 8, § 11010, et seq and Labor Code §§ 226.7 and 512 make it unlawful for an employer in this state to fail to provide an employee meal periods, unless premium wages are paid for any missed meal periods.

44.     Labor Code § 226.7 states, "If an employer fails to provide an employee a meal … period…[then] the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal … period is not provided."

45.     Cal. Code Regs., tit. 8, § 11010, et seq. and Labor Code § 512 make it unlawful for an employer to "employ an employee for a work period or more than five hours per day without providing the employee with a meal period of not less than 30 minutes," except if the workday is no more than six hours, the meal break can be waived by mutual consent.

46.     Cal. Code Regs., tit. 8, § 11010, et seq. further provides that, "[i]f an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

47.    During the relevant time period, Defendants willfully required Plaintiff and the other class members to work during meal periods, including but not limited to donning and doffing uniforms and equipment and performing other tasks specified by Defendants, and failed to pay Plaintiff and the other class members the full meal period premium for work performed during rest periods.

48.    Plaintiff alleges that Defendants violated the foregoing provisions, in that they did not authorize and permit timely meal periods, providing Plaintiff with meal periods after the fifth hour worked, and that Plaintiff was not paid "one additional hour of pay at [his] regular rate of compensation for each workday that the meal period [was] not provided." For example, Plaintiff and the aggrieved employees, at the end of meal breaks, were required to clock in only after undergoing lengthy health checks and putting on laboratory clothing, while, at the beginning of meal breaks, being required to clock out prior to changing clothes or undergoing health checks. This resulted in Plaintff taking only a fraction of the meal breaks otherwise required by statute.

49.    Plaintiffs alleges, on information and belief, that Defendant has applied this same policy, business practice, and/or custom to other aggrieved employees.

50.    Cal. Code Regs., tit. 8, § 11010, et seq. and Labor Code § 558 provides for a civil penalty against an employer or anyone acting on the employer's behalf, who violates wage provisions, in the amount of $50 for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.  For each subsequent violation, the civil penalty is $100 for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

51.    Plaintiff alleges that he and all other aggrieved employees are entitled to recover the civil penalties and their unpaid wages.

**THIRD CAUSE OF ACTION**

**(Violation of California Labor Code § 226.7)**

**(Against COBHAM ADVANCED ELECTRONIC SOLUTIONS, INC.**

**and DOES 1 through 100)**

52.    Plaintiff incorporates each and every one of the foregoing paragraphs of this Complaint as though set forth in full at this point.

53.     At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and the other class members' employment by Defendants.

54.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

55.     At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

56.     During the relevant time period, Defendants required Plaintiff and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

57.     During the relevant time period, Defendants intentionally and willfully required Plaintiff and the other class members to work during rest periods, including but not limited to donning and doffing uniforms and equipment. Specifically, Plaintiff and other class members were required to be fully suited upon return from their rest periods. Plaintiff and other class members were not permitted to perform the required tasks of putting on laboratory clothes and undergoing health checks. during their regular shift and were required instead to perform such work as part of their rest periods. Defendants failed to compensate Plaintiff and the other class members the full rest period premium for work performed during rest periods.

58.     Plaintiff was subjected to the above described control and work requirements during each rest period, including but not limited to each rest period occurring from June to August of 2020. Plaintiff and the class were not provided rest period premiums on these occasions.

59.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.7

60.     Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

61.     Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

## FOURTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 226)

### (Against COBHAM ADVANCED ELECTRONIC SOLUTIONS, INC.

### and DOES 1 through 100)

62.     Plaintiff incorporates each and every one of the foregoing paragraphs of this Complaint as though set forth in full at this point.

63.     Labor Code § 226 makes it unlawful for an employer to fail to provide accurate and itemized wage statements to its employees.

64.     Pursuant to California Labor Code Section 226(a), Plaintiff and the other aggrieved employees were entitled to receive, semimonthly or at the time of each payment of wages, an accurate itemized statement showing, *inter alia*: (a) gross wages earned; (b) net wages earned; (c) all applicable hourly rates in effect during the pay period; and (d) the corresponding number of hours worked at each hourly rate by the employee.

65.     Plaintiff alleges that Defendants violated the foregoing provisions, in that Defendants failed to provide Plaintiff with accurate itemized statements in accordance with California Labor Code Section 226(a) by failing to state the hours worked, and meal and rest period premiums, as a result of the unlawful labor and payroll practices described herein. Plaintiff alleges that Defendants regularly coerced him and other employees to round down the number of hours worked on their timesheets.

66.     Plaintiffs alleges, on information and belief, that Defendant has applied this same policy, business practice, and/or custom to other aggrieved employees.

67.     Labor Code § 226.3 provides for a civil penalty against an employer who violates § 226(a) of two hundred fifty dollars ($250.00) per employee for the initial violation and one thousand dollars ($1,000.00) per employee for each subsequent violation.

68.     Plaintiff alleges that they and all other aggrieved employees are entitled to recover the

1    civil penalty prescribed by statute.

2    **FIFTH CAUSE OF ACTION**

3    **(Violation of California Business & Professions Code §§ 17200, et seq.)**

4    **(Against COBHAM ADVANCED ELECTRONIC SOLUTIONS, INC.**

5    **and DOES 1 through 100)**

6    69.    Plaintiff incorporates by reference all previous allegations, and each and every part

7    thereof with the same force and effect as though fully set forth herein.

8    70.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful

9    and harmful to Plaintiff, other class members, to the general public, and Defendants' competitors.

10   Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning

11   of Code of Civil Procedure section 1021.5.

12   71.    Defendants' activities as alleged herein are violations of California law, and constitute

13   unlawful business acts and practices in violation of California Business & Professions Code section

14   17200, et seq.

15   72.    A violation of California Business & Professions Code section 17200, et seq. may be

16   predicated on the violation of any state or federal law.  In this instant case, Defendants' policies and

17   practices of requiring employees, including Plaintiff and the other class members, to work overtime

18   without paying them proper compensation violate California Labor Code sections 510 and 1198.

19   Additionally, Defendants' policies and practices of requiring employees, including Plaintiff and the

20   other class members, to work through their meal and rest periods without paying them proper

21   compensation violate California Labor Code sections 226.7 and 512(a).  Defendants also violated

22   California Labor Code sections 226(a).

23   73.    As a result of the herein described violations of California law, Defendants unlawfully

24   gained an unfair advantage over other businesses.

25   74.    Plaintiff and the other class members have been personally injured by Defendants'

26   unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss

27   of money and/or property.

28   75.    Pursuant to California Business & Professions Code sections 17200, et seq., Plaintiff and

13

COMPLAINT

1  the other class members are entitled to restitution of the wages withheld and retained by Defendants
2  during a period that commences four years prior to the filing of this Complaint; an award of attorneys'
3  fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws; and an
4  award of costs.

5  ### SIXTH CAUSE OF ACTION

6  **(Violation of California Labor Code §§ 2698, et seq.)**

7  **(Against COBHAM ADVANCED ELECTRONIC SOLUTIONS, INC.**

8  **and DOES 1 through 100)**

9  76.    Plaintiff incorporates by reference the allegations previously stated herein, and each and
10  every part thereof with the same force and effect as though fully set forth herein.

11  77.    PAGA expressly establishes that any provision of the California Labor Code which
12  provides for a civil penalty to be assessed and collected by the LWDA, or any of its departments,
13  divisions, commissions, boards, agencies or employees for a violation of the California Labor Code,
14  may be recovered through a civil action brought by an aggrieved employee on behalf of himself or
15  herself, and other current or former employees.

16  78.    Whenever the LWDA, or any of its departments, divisions, commissions, boards,
17  agencies, or employees has discretion to assess a civil penalty, a court in a civil action is authorized to
18  exercise the same discretion, subject to the same limitations and conditions, to assess a civil penalty.

19  79.    Plaintiff and the other hourly-paid or non-exempt employees are "aggrieved employees"
20  as defined by California Labor Code section 2699(c) in that they are all current or former employees of
21  Defendants, and one or more of the alleged violations was committed against them.

22  **Failure to Pay Overtime**

23  80.    Defendants' failure to pay legally required overtime wages to Plaintiff and the other
24  aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity
25  prohibited by California Labor Code sections 510 and 1198.

26  **Failure to Provide Meal Periods**

27  81.    Defendants' failure to provide legally required meal periods to Plaintiff and the other
28  aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity

1    prohibited by California Labor Code sections 226.7 and 512(a).

2            **Failure to Provide Rest Periods**

3            82.    Defendants' failure to provide legally required rest periods to Plaintiff and the other

4    aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity

5    prohibited by California Labor Code section 226.7.

6            **Failure to Timely Pay Wages During Employment**

7            83.    During the relevant time period, Defendants have failed, and continue to fail, to provide

8    any payment of certain wages at issue whatsoever (such as wages for off-the-clock work activities),

9    much less provide payment of such wages in a timely manner. Defendants' failure to timely pay wages

10   to Plaintiff and the other aggrieved employees during employment in accordance with Labor Code

11   section 204 constitutes unlawful and/or unfair activity prohibited by California Labor Code section 204.

12   For example, Defendant's failure to pay wages earned for specific "off-the-clock" work activities

13   violates the provision's requirements that all wages be paid at specified time intervals (subsection (a))

14   and that "all wages earned for labor in excess of the normal work period", such as off-the-clock work,

15   "shall be paid no later than the payday for the next regular payroll period" (Subsection (b)(1)).

16           **Failure to Provide Complete and Accurate Wage Statements**

17           84.    Defendants' failure to provide complete and accurate wage statements to Plaintiff and

18   the other aggrieved employees in accordance with Labor Code section 226(a) constitutes unlawful

19   and/or unfair activity prohibited by California Labor Code section 226(a).

20           **Failure to Keep Complete and Accurate Payroll Records**

21           85.    Defendants have intentionally and willfully failed to keep accurate and complete payroll

22   records showing the hours worked daily and the wages paid, to Plaintiff and the other class members,

23   including, but not limited to failing to keep records of the "off-the-clock" work alleged herein with

24   knowledge that such "off-the-clock" work had been performed.

25           86.    Defendants' failure to keep complete and accurate payroll records relating to Plaintiff

26   and the other aggrieved employees in accordance with California Labor Code section 1174(d)

27   constitutes unlawful and/or unfair activity prohibited by California Labor Code section 1174(d).

28           87.    Pursuant to California Labor Code section 2699, Plaintiff, individually, and on behalf of

all aggrieved employees, requests and is entitled to recover from Defendants and each of them, business expenses, unpaid wages, and/or untimely wages according to proof, interest, attorneys' fees and costs pursuant to California Labor Code section 218.5, as well as all statutory penalties against Defendants, and each of them, including but not limited to:

        a.   Penalties under California Labor Code section 2699 in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation;

        b.   Penalties under California Code of Regulations Title 8 section 11010, et seq. in the amount of fifty dollars ($50) for each aggrieved employee per pay period for the initial violation, and one hundred dollars ($100) for each aggrieved employee per pay period for each subsequent violation;

        c.   Penalties under California Labor Code section 210 in addition to, and entirely independent and apart from, any other penalty provided in the California Labor Code in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation; and

        d.   Any and all additional penalties and sums as provided by the California Labor Code and/or other statutes.

88.    Pursuant to California Labor Code section 2699(i), civil penalties recovered by aggrieved employees shall be distributed as follows: seventy-five percent (75%) to the Labor and Workforce Development Agency for the enforcement of labor laws and education of employers and employees about their rights and responsibilities and twenty-five percent (25%) to the aggrieved employees.

89.    Further, Plaintiff is entitled to seek and recover reasonable attorneys' fees and costs pursuant to California Labor Code sections 210, 218.5 and 2699 and any other applicable statute.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private

Attorneys General Act, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1. That this action be certified as a class action;

2. That Plaintiff be appointed as the representative of the Class;

3. That counsel for Plaintiff be appointed as Class Counsel; and

4. That Defendants provide to Class Counsel immediately the names and most current/last known contact information (address, e-mail and telephone numbers) of all class members.

### As to the First Cause of Action

5. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and the other class members;

6. For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7. For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194;

9. For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

10. For such other and further relief as the Court may deem just and proper.

### As to the Second Cause of Action

11. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and the other class members;

12. That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

13. For all actual, consequential, and incidental losses and damages, according to proof;

1    14.    For premium wages pursuant to California Labor Code section 226.7(b);

2    15.    For pre-judgment interest on any unpaid wages from the date such amounts were due;

3    16.    For reasonable attorneys' fees and costs of suit incurred herein;

4    17.    For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

5    18.    For such other and further relief as the Court may deem just and proper.

6                        **As to the Third Cause of Action**

7    19.    That the Court declare, adjudge and decree that Defendants violated California Labor

8    Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to

9    Plaintiff and the other class members;

10    20.    That the Court make an award to Plaintiff and the other class members of one (1) hour

11    of pay at each employee's regular rate of compensation for each workday that a rest period was not

12    provided;

13    21.    For all actual, consequential, and incidental losses and damages, according to proof;

14    22.    For premium wages pursuant to California Labor Code section 226.7(b);

15    23.    For pre-judgment interest on any unpaid wages from the date such amounts were due;

16    24.    For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

17    25.    For such other and further relief as the Court may deem just and proper.

18                        **As to the Fourth Cause of Action**

19    26.    That the Court declare, adjudge and decree that Defendants violated the record keeping

20    provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and

21    the other class members, and willfully failed to provide accurate itemized wage statements thereto;

22    27.    For actual, consequential and incidental losses and damages, according to proof;

23    28.    For statutory penalties pursuant to California Labor Code section 226(e);

24    29.    For injunctive relief to ensure compliance with this section, pursuant to California Labor

25    Code section 226(h);

26    30.    For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

27    31.    For such other and further relief as the Court may deem just and proper.

28    / / /

**As to the Fifth Cause of Action**

32.     That the Court decree, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, et seq. by failing to provide Plaintiff and the other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiff and the other class members, failing to pay at least minimum wages to Plaintiff and the other class members, failing to pay Plaintiff's and the other class members' wages timely as required by California Labor Code section 201, 202 and 204 and by violating California Labor Code sections 226(a), 1174(d).

33.     For restitution of unpaid wages to Plaintiff and all the other class members and all pre-judgment interest from the day such amounts were due and payable;

34.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, et seq.;

35.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

36.     For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, et seq.; and

37.     For such other and further relief as the Court may deem just and proper.

**As to the Sixth Cause of Action**

38.     For civil penalties and wages pursuant to California Labor Code sections 2699(a), (f) and (g) and 558 plus costs and attorneys' fees for violation of California Labor Code §§ 226, 226.3, 226.4, 226.7, 510, 511, 512, 558, 1174, 1174.5. 1193.5, 1193.6, 1194, 1194.5, and 1198; and

39.     For such other and further relief as the Court may deem equitable and appropriate.

DATED: _____          **MARLIN & SALTZMAN, LLP**
                                 **DAVTYAN LAW FIRM**


                                 By:_____
                                     Stanley D. Saltzman, Esq.
                                     Cody R. Kennedy, Esq.
                                     Joel M. Gordon, Esq.
                                     Attorneys for Plaintiff

19
COMPLAINT

1

**DEMAND FOR JURY TRIAL**

2

Plaintiff, for himself and the aggrieved employees, hereby demands a jury trial as provided by

3

California law.

4

5

DATED: _____

**MARLIN & SALTZMAN, LLP**
**DAVTYAN LAW FIRM**

6

7

By:_____

8

Stanley D. Saltzman, Esq.

9

Cody R. Kennedy, Esq.
Joel M. Gordon, Esq.

10

Attorneys for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

20

COMPLAINT